```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ERIE INSURANCE PROPERTY &
CASUALTY COMPANY, INC.,

      Plaintiff,

v.                                   Civil Action No. 5:13CV30
                                                      (STAMP)
BRYAN A. STRICKLIN,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS AND**
**DENYING AS MOOT MOTION TO CONSOLIDATE CASES**

                              I.    Background

      The plaintiff, Erie Insurance Property and Casualty Company, Inc. ("Erie"), filed a complaint seeking a declaratory judgment that the defendant, Bryan A. Stricklin, is not covered under a certain insurance policy issued by the plaintiff.  Prior to joining the United State Marine Corps in 2010, the defendant lived with his grandparents, Bryan H. Stricklin and Ranny L. Stricklin.  The defendant was insured under his grandparents' automobile insurance policy with Erie.  In 2010, however, the defendant's grandparents allegedly removed him from this policy once he left for his career with the Marines.  While visiting his grandparents in 2012, the defendant was involved in an automobile accident.  After the accident, the defendant, through his attorneys, made a claim for underinsured motorist benefits against his grandparents' automobile policy with Erie.  Erie now seeks a declaratory judgment and

determination that the defendant does not qualify for inclusion under the insurance policy so as to be entitled to underinsured motorist benefits.

After Erie served the defendant with the complaint, the defendant filed a motion to dismiss or, in the alternative, to stay proceedings pending the resolution of a breach of contract action currently pending in the Circuit Court of Ohio County, West Virginia, which addresses this same issue. In this motion, the defendant first argues that Erie has not demonstrated that the amount in controversy is established so as to allow this Court to exercise subject matter jurisdiction. Further, the defendant asserts that even if this Court determines that the amount in controversy is established, it should still abstain from exercising jurisdiction because the insurance coverage issue could and should be litigated in state court.

Erie filed a response in opposition arguing that the amount in controversy well exceeds $75,000.00, as evidenced by an email from the defendant's counsel indicating that his claims are valued in an amount far in excess of $70,000.00. Erie further argues that the defendant has failed to provide this Court with sufficient evidence to support a finding that the value of his claim is below the required amount in controversy. As to the defendant's argument for abstention, Erie argues that the factors concerning abstention

favor this Court retaining jurisdiction and adjudicating the coverage issue.

The defendant filed a reply, arguing that Erie made no effort to demonstrate that the amount in controversy is established, which he argues is Erie's burden. The defendant also states that Erie's generalized statements concerning the factors to be considered by this Court in whether or not to exercise jurisdiction are not sufficient to counter the defendant's analysis of those factors.

The motion to dismiss or in the alternative to stay proceedings is fully briefed and ripe consideration. For the reasons that follow, this Court will grant the defendant's motion to dismiss.

Prior to the discussion of the motion to dismiss or in the alternative to stay proceedings, this Court notes that after the defendant filed his motion, Erie filed a motion to consolidate cases. Erie requested that this Court consolidate this action, with an action which it removed to this Court from the Circuit Court of Ohio County, West Virginia, concerning the same issues and involving the same parties. This Court, however, must deny this motion as moot, as it has previously remanded the other case to the Circuit Court of Ohio County based on a lack of diversity jurisdiction.

3

## II. Applicable Law

A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 201-02 (2d ed. 1990). The burden of proving subject matter jurisdiction on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is on the plaintiff, the party asserting jurisdiction. If the plaintiff alleges, in good faith, an amount in controversy exceeding $75,000.00, the burden shifts to the defendant to prove, to the level of a legal certainty, that the amount in controversy is not sufficient. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938). A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. Adams, 697 F.2d at 1219.

## III. Discussion

In the motion to dismiss, the defendant first asserts that this Court lacks diversity jurisdiction. While the defendant does not dispute that the parties are diverse in this action, the

defendant asserts that Erie has failed to establish that the amount in controversy is great than $75,000.00. The defendant asserts that the amount in controversy in the instant action is actually $50,000.00, which is the total amount recoverable under the Erie insurance policy. Erie argues in opposition that the amount in controversy is the value of the defendant's claim and not the face value of the policy. Erie asserts that the defendant has maintained that his injuries are severe, permanent, and valued in an amount in excess of $70,000.00. Based on this assertion by the defendant, Erie states that it has established that the amount in controversy is more than $75,000.00.

This Court finds that while Erie has provided evidence that the defendant's claimed damages may exceed $75,000.00, the defendant has proven to a legal certainty that the amount in controversy is not sufficient. See Payne v. State Farm Mut. Auto. Ins. Co., 266 F.2d 63, 64 (5th Cir. 1959) ("The sum a [claimant] claims usually controls the jurisdictional amount. If, however, it appears to a legal certainty that the claim is for less than the jurisdictional amount, the complaint should be dismissed."). The amount in controversy for purposes of a declaratory judgment action is measured by the "value of the object of the litigation." Toler v. State Farm Mut. Auto. Ins. Co., 25 F. App'x 141, 143 (4th Cir. 2001) (quoting Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977)). When the question in a

declaratory judgment action is the applicability of a particular insurance policy to an underlying claim, rather than the validity of policy, the amount in controversy is determined by the value of the underlying claim, not the face value of the policy. Darbert, Inc. v. Bituminous Cas. Corp., 792 F. Supp. 487, 489 (S.D. W. Va. 1992). Thus, the object of the litigation is the claim, not the policy itself.

The defendant has asserted that his injuries are severe and permanent and valued in an amount far in excess of $70,000.00. The policy at issue, however, limits Erie's liability to $50,000.00 for underinsured motorist benefits. Accordingly, even though the defendant may claim to have been damaged in excess of the policy, it is apparent from the face of the pleadings, which includes the policy and an invoice outlining the policy limits, that the defendant can only recover $50,000.00 if declaratory judgment is granted in his favor. Thus, regardless of the value that the defendant asserts his claim for damages has, his claim can only possibly be valued at $50,000.00 against Erie.

This Court notes that this action is analogous to a situation where the claimant seeks to recover the maximum amount of the policy. In such cases, "the court can determine the amount in controversy by reference to the face of the policy." Allstate Ins. Co. v. Brown, 736 F. Supp. 705, 707 (W.D. Va. 1990). As the policy at issue, insomuch as it concerns underinsured motorist benefits,

is limited to $50,000.00, it follows that the amount in controversy is no more than $50,000.00. Such an amount is insufficient to establish the amount in controversy required for diversity jurisdiction and, thus, this Court lacks subject matter jurisdiction. Accordingly, this Court need not address the defendant's arguments for abstention.

## IV. Conclusion

For the above stated reasons, the defendant's motion to dismiss (ECF No. 6) is GRANTED. Further, the plaintiff's motion to consolidate cases (ECF No. 9) is DENIED AS MOOT. The instant case is to be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 4, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE